FILED

2009 JUL 23  PM 2: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Joseph J.M. Lange (CSB #128115)
   jlange@lange-koncius.com
2  Jeffrey A. Koncius (CSB #189803)
   jkoncius@lange-koncius.com
3  LANGE & KONCIUS, LLP
   222 North Sepulveda Boulevard, Suite 1560
4  El Segundo, CA 90245
   Tel.: (310) 414-1880
5  Fax: (310) 414-1882

6  Robert I. Lax
   rlax@lax-law.com
7  ROBERT I. LAX & ASSOCIATES
   380 Lexington Avenue, 31st Floor
8  New York, NY 10168
   Tel.: (212) 818-9150
9  Fax: (212) 818-1266

10 Attorneys for Plaintiff
   FRANCES ANNE RAMSEY

11

12

13              UNITES STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16 FRANCES ANNE RAMSEY, on          ) Case No. **SACV08-820 AG (SSx)**
   behalf of herself and all others )
17 similarly situated,              ) COMPLAINT (CLASS ACTION)
                                     )
18              Plaintiff,           ) VIOLATION OF FAIR DEBT
                                     ) COLLECTION PRACTICES ACT
19      vs.                          ) (15 U.S.C. § 1692, et seq.)
                                     )
20 PRIME HEALTHCARE SERVICES,        ) DEMAND FOR JURY TRIAL
   INC.; and DOES 1 through 10,      )
21 inclusive,                        )
                                     )
22              Defendants.          )
                                     )
23

24       Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as

25 to herself and her own acts, and as to all other matters upon information and belief,

26 brings this Complaint against the above-named Defendants, their employees, agents,

27 and successors, and in support thereof alleges the following:

28

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from Defendants' violation of section 1692, et. seq., of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The Defendants have violated the FDCPA by sending debt collection letters which falsely and deceptively imply that the letters received by Plaintiff and the class were generated and mailed by a third-party debt collector when in fact they were mailed by the original creditor, the Defendants named herein.  Defendants have also violated the FDCPA in many other respects as set out more fully below.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. sections 1331 and 1337.  This is an action for violation of 15 U.S.C. section 1692, et seq.

3.      Venue is proper in this district under 28 U.S.C. section 1391(b)(2) as Defendants transact business here and the conduct complained of occurred here.

## PARTIES

4.      Plaintiff FRANCES ANNE RAMSEY is currently a resident of the State of California, County of Orange.

5.      Defendant PRIME HEALTHCARE SERVICES, INC., is, and at all relevant times herein mentioned was, a Delaware corporation doing business in the State of California with its corporate office located in Victorville, California.

6.      Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names because their true names and capacities whether individual, associate, corporate, governmental or otherwise are unknown to Plaintiff.  Plaintiff will ask leave of this Court to amend this Complaint to assert the true names and capacities of said Defendants when same are ascertained.  Plaintiff is informed and believes and thereon

1   alleges that each of the Defendants designated herein as DOE, or named, is

2   negligently, carelessly, recklessly, strictly or otherwise responsible in some manner for

3   the events and happenings herein referred to and caused damages directly and

4   proximately thereby to Plaintiff and the Class.

5         7.    The Defendants are sued as principals or agents, servants, and employees

6   of said principals and/or agents of each other and all of the acts performed as agents

7   and employees were performed within the course and scope of their authority and

8   employment and/or agency and with the consent of each of the Defendants.

9         8.    Defendants, and each of them, are "debt collectors" as defined by the

10   FDCPA, 15 U.S.C. section 1692a(6).

11             **CLASS ACTION ALLEGATIONS**

12         9.    Plaintiff brings this action as a nationwide class action, pursuant to Rule

13   23 of the Federal Rules of Civil Procedure (hereinafter "FRCP") on behalf of herself

14   and all consumers who have received debt collection communications from the

15   Defendants in the same or similar form of the letter attached hereto as Exhibit "1" (the

16   "Class"). Excluded from the Class are the Defendants herein, and any person, firm,

17   trust, corporation, or other entity related to or affiliated with the Defendants, including,

18   without limitation, persons who are officers, directors, employees, associates or

19   partners of Defendants.

20         10.    This action is properly maintained as a class action.  This Class satisfies

21   all of the requirements of FRCP Rule 23 for maintaining a class action.

22         11.    The Class is so numerous that joinder of all members is impracticable.

23   Upon information and belief, thousands of persons have received debt collection

24   communications from the Defendants which violate various provisions of the FDCPA.

25         12.    There are questions of law and fact which are common to the Class and

26   which predominate over questions affecting any individual Class member.  These

27   common questions of law and fact include, without limitation:

28

a.    Whether the Defendants violated various provisions of the FDCPA including, but not limited to, 15 U.S.C. sections 1692e, 1692e(9), 1692e(10), 1692e(11), 1692e(14), 1692f, 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13.    Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

15.    A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

16.    A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if Defendants' conduct proceeds without remedy Defendants will continue to reap and

1   retain the proceeds of their ill-gotten gains.

2       17.    Defendants have acted on grounds generally applicable to the entire Class

3   thereby making appropriate final injunctive relief or corresponding declaratory relief

4   with respect to the Class as a whole.

5       18.    The nature of notice to the proposed class is contemplated to be by direct

6   mail upon certification of the class or, if such notice is not practicable, by the best

7   notice practicable under the circumstance including, but not limited to, publication in

8   major newspapers and on the internet.

9                      **STATEMENT OF FACTS**

10      19.    On or about May 1, 2008, a letter was mailed to Plaintiff by Defendants

11   demanding payment of a debt allegedly owed to West Anaheim Medical Center for

12   personal, family or household purposes.  A copy of said letter is annexed hereto as

13   Exhibit "1" and is referred to herein as the "Letter".

14      20.    Although the Letter was purported to have been sent by "Action

15   Collection Services", bears a prominent logo using this name, and includes a phone

16   number which is answered "Action Collection Services", in actual fact no such entity

17   exists.  In reality, the Letter was prepared and sent by the Defendants, who used this

18   fictitious name to illegally create the false impression to the recipient that the

19   correspondence was sent by a third-party debt collector.

20      21.    Moreover, the text of the Letter entirely omits to include the legal

21   disclosures mandated by the FDCPA and instead uses language that contradicts and

22   overshadows consumers' rights thereunder.  For example, the Letter states that "As

23   part of the collection efforts, if we fail to collect payment in this matter, we will report

24   this account to the appropriate credit reporting bureaus thirty (30) days from the date

25   of this letter."  The FDCPA, however, grants consumers a statutory period in which to

26   respond to collection letters which runs from the date of the receipt of the letter--and

27   not from the date of the letter as stated by the Letter--and the Letter therefore deprives

28   consumers receiving it of their full rights under Federal law.

# CAUSE OF ACTION

## (Violations of the FDCPA)

22.    Plaintiff incorporates herein by reference all of the allegations set out above as though recited verbatim and at length.

23.    The FDCPA, at section 1692e(9), forbids a debt collector from "using any document . . . which creates a false impression as to its source, authorization, or approval." Further, section 1692e(14) forbids "the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." Here, however, the Defendants violated these provisions of law by use of the false name "Action Collection Services" and by falsely and deceptively implying that the Letter received by Plaintiff was generated and mailed by a third-party debt collector, instead of the Defendants.

24.    In violation of section 1692e of the FDCPA, the Defendants used false, deceptive and misleading representations and means in connection with the collection of a debt by falsely and deceptively implying that the Letter received by Plaintiff was generated and mailed by a third-party debt collector, instead of the Defendants.

25.    In violation of section 1692e(10) of the FDCPA, the Defendants used false representations and deceptive means to collect a debt by falsely and deceptively implying that the Letter received by Plaintiff was generated and mailed by a third-party debt collector, instead of the Defendants.

26.    In violation of section 1692e(11) of the FDCPA, the Letter fails to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose".

27.    In violation of section 1692f of the FDCPA, the Defendants used unfair or unconscionable means to collect or attempt to collect the debt in that the Letter suggests that it is from a third-party debt collector when it is not and is in fact sent by the Defendants.

28.    In violation of section 1692g(a)(3) of the FDCPA, the Letter shortened the statutory period in which to respond to it by stating that a response was due within 30 days "from the date of this letter" when, in fact, Federal law grants consumers 30 days from their receipt of a debt collection letter to respond.

29.    Defendants violated the FDCPA in that they failed to send a written notice to Plaintiff within 5 days after their initial communication that contained:

    a.    Pursuant to section 1692g(a)(3) of the FDCPA, "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector";

    b.    Pursuant to section 1692g(a)(4) of the FDCPA, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector"; and

    c.    Pursuant to section 1692g(a)(5) of the FDCPA, "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

30.    As a result of Defendants' violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to statutory damages, actual damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

    a.    Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative;

b.   Issuing a preliminary and permanent injunction restraining Defendants, their employees, agents and successors from, inter alia, engaging in conduct and practices that are in violation of the FDCPA;

c.   Issuing a declaratory Order requiring Defendants to make corrective disclosures;

d.   Awarding Plaintiff and the Class actual damages;

e.   Awarding Plaintiff and the Class statutory damages;

f.   Awarding Plaintiff and the Class costs of this action, including reasonable attorney's fees and expenses; and

g.   Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DATED: July 22, 2008**

Joseph J.M. Lange
Jeffrey A. Koncius
**LANGE & KONCIUS, LLP**

By: _____
Jeffrey A. Koncius

Robert I. Lax
**ROBERT I. LAX & ASSOCIATES**
380 Lexington Avenue, 31st Floor
New York, NY 10168
Telephone: (212) 818-9150
Facsimile: (212) 818-1266

**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: July 22, 2008

Joseph J.M. Lange
Jeffrey A. Koncius
**LANGE & KONCIUS, LLP**

By: _____

Jeffrey A. Koncius

Robert I. Lax
**ROBERT I. LAX & ASSOCIATES**
**380 Lexington Avenue, 31st Floor**
**New York, NY 10168**
**Telephone: (212) 818-9150**
**Facsimile: (212) 818-1266**

**Attorneys for Plaintiff**

9

**EXHIBIT 1**



**ACTION
COLLECTION
SERVICES**

PO BOX 5139
ANAHEIM, CA. 92814
714-229-4092

05/01/08

FRANCES A RAMSEY

SEAL BEACH CA 90740

Patient Name:        FRANCES A RAMSEY
Account Number:
Date of Service:     01/25/07
Total charges:       $ 25048.55
Account Balance:     $ 23280.55

Dear FRANCES A RAMSEY:

    This claim was referred to Action Collection Services by
West Anaheim Medical Center (the "Hospital") for collection.  The Hospital
has exhausted its efforts in trying to collect the above
referenced balance for emergency medical services rendered to
you from Kaiser Permanente.  For your reference, we are
enclosing a copy of the letter sent by the Hospital to you
outlining Kaiser's various tactics in denying fair and
reasonable payments for the services.

    As part of the collection efforts, if we fail to collect
payment in this matter, we will report this account to the
appropriate credit reporting bureaus thirty (30) days from the
date of this letter.  You may contact the Hospital, Kaiser
Permanente at (800) 207-5084 or the Department of Managed
Health Care at (888) HMO-2219 for assistance in this matter.
Payment should be made to Action Collection Services or the
Hospital.

Please feel free to contact us at 714-229-4092 for any
questions

Sincerely,
Business Office

West Anaheim Medical Center
FILE 1090 1801 W OLYMPIC
PASADENA, CA 91199-1090

05/01/08

FRANCES A RAMSEY

SEAL BEACH CA 90740

Patient Name:      FRANCES A RAMSEY
Account Number:    ████████████
Date of Service:   01/25/07
Account Balance:   $ 23280.55

Dear FRANCES A RAMSEY:

As you are aware, West Anaheim Medical Center (the "Hospital")
provided emergency medical services to you on the dates
referenced above.  You presented to the emergency room for a
medical condition that you reasonably believed needed immediate
medical attention.  Under the "Prudent Layperson Standard" and
other state and federal regulations, you had the right to seek
emergency medical services at the Hospital's emergency room,
the Hospital had an obligation to provide those services
necessary to stabilize your emergency medical condition, and
your HMO, Kaiser, had a legal obligation to pay for the
emergency medical services provided to you.

Under federal and state law ("EMTALA"), the Hospital was
required not only to treat you in the emergency department but
was also required to provide such care as ordered by the Board
Certified physician who examined you with the necessary care to
stabilize your emergency medical condition.  This includes
admitting you to the Hospital if such was necessary to
stabilize your emergency medical condition as determined by a
Board Certified Physician at the Hospital.

The Hospital has submitted a claim to Kaiser for the
emergency medical services provide to you.  Unfortunately,
Kaiser has failed to properly reimburse us for the care
provided to you.  Kaiser's partial payment or total denial was
based on its retrospective review of your medical chart and
Kaiser has either determined that you did not have an emergency
medical condition, that you were stable for transfer to a
Kaiser facility miles away even though the physician examined
you believed that you were not stable for transfer, or
unilaterally determined its own reimbursement rates with no
regards to the market based usual and customary rates uniformly
charged by the hospitals.

The Hospital strongly disagrees with Kaiser's unilateral
determination but Kaiser leaves us no choice but to seek
payment from you even though we do not want to put you in the
middle of our dispute with Kaiser.  You may contact Kaiser
Permanente at (800) 207-5084 or the Department of Managed
Health Care ("DMHC") at (888) HMO-2219 for assistance.
Otherwise the Hospital must pursue its collection efforts
against you.

Please feel free to contact us at 714-229-4015 for any
questions.

Sincerely,
Business Office

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## SACV08- 820 AG (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES ANNE RAMSEY, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>**SACV08-820   AG   (SSx)** |
| v.<br><br>PRIME HEALTHCARE SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): <u>PRIME HEALTHCARE SERVICES, INC.</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jeffrey A. Koncius</u>, whose address is <u>Lange & Koncius, LLP, 222 N. Sepulveda Blvd., Suite 1560, El Segundo, CA 90245</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ JUL 2 3 2008 _____

By: _*Natalie Hengaria*_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
FRANCES ANNE RAMSEY, on behalf of herself and all others similarly situated

**DEFENDANTS**
PRIME HEALTHCARE SERVICES, INC., and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Orange County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeffrey A. Koncius
Lange & Koncius, LLP
222 North Sepulveda Boulevard, Suite 1560
El Segundo, California 90245
310-414-1880

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. section 1692, et seq. Violation of Fair Debt Collection Practices Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litig.
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: SACV08-820

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case?    [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above
in a, b or c also is present.

**IX.  VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides  (Use an additional sheet if necessary)

[ ]  Check here if the U.S. government, its agencies or employees is a named plaintiff.

Orange County

List the California County, or State if other than California, in which **EACH** named defendant resides.    (Use an additional sheet if necessary).

[ ]  Check here if the U.S. government, its agencies or employees is a named defendant.

Orange County

List the California County, or State if other than California, in which **EACH** claim arose.    (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Orange County

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _Jeffrey A. Koncius_    Date _7/22/2008_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.     Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.